Michael A. Jones, State Bar #27311
Cody D. Vandewerker, State Bar #33385
**ALLEN BARNES & JONES, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email:  mjones@allenbarneslaw.com
　　　　cvandewerker@allenbarneslaw.com

Attorneys for the City of Los Angeles

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ARDENT CYBER SOLUTIONS, LLC fka AVENTADOR UTILITY SOLUTIONS LLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 2:20-bk-06722-PS<br><br>**MOTION FOR JOINT ADMINISTRATION AND USE OF CONSOLIDATED CAPTION**<br><br>Re:　*Ardent Cyber Solutions, LLC fka Aventador Utility Solutions, LLC*<br>　　　Case No. 2:20-bk-06722-PS<br><br>　　　*Paul Oliva Paradis*<br>　　　Case No. 2:20-bk-06724-MCW |

Pursuant to Fed. R. Bankr. P. 1015(b)[1] and LBR 1015-1, the City of Los Angeles, including by and through its Department of Water and Power (collectively, the "**City**"), creditor in the above-referenced Chapter 11 cases of Ardent Cyber Solutions, LLC f.k.a. Aventador Utility Solutions, LLC (Case No. 2:20-bk-06722-PS) and Paul Olivia Paradis (Case No. 2:20-bk-06724-MCW) (together, the "**Cases**"), hereby requests entry of an order authorizing and directing joint administration of the Cases and the use of a consolidated caption. Joint administration and transfer of the assignment of the Cases is appropriate under the circumstances to ensure that the Cases move forward together to reduce administrative expenses and protect the bankruptcy estates for the benefit of creditors. A form of order is attached hereto as **Exhibit A**. This Motion is supported by the following Memorandum of Points and Authorities.

---

[1] Unless otherwise indicated, all Chapter, Section, and Rule references are to the Bankruptcy Code ("**Code**"), 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure 1001-9037 ("**Rules**" and each a "**Rule**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION AND VENUE

1. On June 3, 2020, Ardent Cyber Solutions, LLC f.k.a. Aventador Utility Solutions, LLC ("**Ardent**") and Paul Oliva Paradis ("**Paradis**," and together, the "**Debtors**") each filed voluntary petitions for relief under Chapter 11—notably, with Ardent filing its bankruptcy petition first. The Debtors are presently debtors-in-possession in accordance with Code §§ 1107 and 1108.

2. The City is an unsecured creditor in both Ardent and Mr. Paradis' Chapter 11 Cases. In that regard, the City holds claims against Ardent and Mr. Paradis based on, among other things: California Government Code section 1090, *et seq.*; the California False Claims Act; and indemnification rights granted to the City. Therefore, the City has standing to pursue this Motion. *See* Rule 1015.

3. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding related to the administration of the bankruptcy estates under 28 U.S.C. § 157(b)(2)(A).

4. The statutory predicate for the relief requested in this Motion is Code § 105(a) and Rule 1015.

## II. FACTUAL BACKGROUND

5. Mr. Paradis is Ardent's sole member and manager. 2:20-bk-06724-MCW Dkt. No. 1, at 20 (Schedule A/B listing Mr. Paradis as Ardent's 100% owner); 2:20-bk-06722-PS, at 1 (Official Form 202 signed by Mr. Paradis in his capacity as "Managing Member" of Ardent).

6. Mr. Paradis filed his bankruptcy case as a small business Subchapter V Chapter 11 on the basis of his individual liability for Ardent's debts. The Bankruptcy Schedules filed in both Cases reflect significant shared debt owed by Mr. Paradis and Ardent. *See* 2:20-bk-06722-PS Dkt. No. 17, 9-11 (Schedules E/F); 2:20-bk-06724 Dkt. No. 1, 8-13 (Schedules E/F).

7. In addition to a common nucleus of unsecured creditors, the Debtors both allegedly hold litigation claims against the City arising from the same set of facts between the

parties. *See* 2:20-bk-06722-PS Dkt. No. 17, 4 (Schedules A/B); 2:20-bk-06724 Dkt. No. 1, 22 (Schedules A/B).

8. On July 7, 2020, the Debtors conducted their Code § 341 meetings of creditors. During each of the Debtors' respective 341 meetings, Mr. Paradis refused to answer any questions related to Ardent's operations, assets, or debts prior to 2019.

9. Continued 341 meetings are scheduled in both Cases for July 30, 2020, and Mr. Paradis has not agreed that he will testify on behalf of himself and Ardent to events involving Ardent prior to 2019. Without resolution of this issue, it is likely that the Courts in each of the Cases will need to issue rulings related to Mr. Paradis' refusal to testify.

10. On July 7, 2020, the Court conducted Ardent's initial status conference. At the status conference, Ardent represented that: (1) it is not operating; and (2) Ardent intends to file a liquidating plan to pursue two alleged unpaid receivables purportedly owed by the City (the City disputes any amount is owed).

11. The initial status conference in Mr. Paradis' case is scheduled to occur before Judge Wanslee tomorrow (July 14, 2020) at 10:30 a.m.

12. The Court in Mr. Paradis' bankruptcy case has only issued orders granting applications to employ, and Mr. Paradis did not file any "first day" motions.

### III. **LEGAL DISCUSSION**

The City respectfully seeks entry of an order authorizing and directing joint administration of the Cases and use of a consolidated caption. Bankruptcy Rule 1015(b) authorizes courts to jointly administer affiliated bankruptcy cases and provides in relevant part:

> If a joint petition or two or more petitions are pending in the same court by or against . . a debtor and an affiliate, the court may order a joint administration of the estates.

And, under the Code, the term "affiliate" means, in relevant part: an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2). Joint administration of bankruptcy cases "is designed to promote administrative convenience and cost efficiencies by avoiding the duplication of effort, which results when cases involving related debtors proceed entirely

separately." William L. Norton, Jr., Norton Bankruptcy Law and Practice 3d §21:1, Joint Administration (Code §301) (January 2012).

As Ardent's sole owner and manager, it is beyond dispute that Mr. Paradis is Ardent's affiliate. It is also beyond legitimate dispute that for judicial efficiency and the efficiency of all parties, the Cases should be jointly administered. Joint administration will eliminate duplicative notices, applications, and orders, thereby saving considerable time and expense. Moreover, the core of unsecured creditors are the same in both Cases, and they should proceed together.

Joint administration will not result in any prejudice to the Debtors' creditors or other parties-in-interest. Instead, joint administration serves the best interest of these Debtors' bankruptcy estates because the issues related to each case are so deeply intertwined with issues related to Ardent and the City. Each Debtor purportedly holds litigation claims against the City. Having one Judge address issues related to these purported claims will be more efficient and eliminate the risk of inconsistent rulings.

Moreover, nearly all of the motions, hearings, and orders in the Cases will involve the same parties and will affect all of the Debtors. As a recent example, Mr. Paradis refusal to testify regarding basic questions at both Debtors' 341 meeting of creditors will likely result in separate disputes in the two Cases regarding the exact same issues. Accordingly, joint administration will promote judicial economy and ease the burden and expense related to these cases proceeding separately.

The Debtors have indicated that they will not support joint administration because Mr. Paradis' case is a Subchapter V Chapter 11 and Ardent's case is an ordinary Chapter 11, and purportedly Mr. Paradis' case will move faster through the bankruptcy process than the Ardent case. Yet, Ardent is a non-operational entity and the only thing it has to do is propose a liquidating plan to pursue two alleged receivables against the City (that in reality have zero value). Certainly, Ardent is capable of filing a simple liquidating plan so that the Cases can move forward.

The City requests that one file and one docket be maintained for both Cases; specifically, Case No. 2:20-bk-06722-PS, which is the lowest-numbered of both Cases.

Because each of the Cases has been assigned to a different judge, the Debtors also respectfully request that Case No. 2:20-bk-06724-MCW be transferred to the Honorable Judge Paul Sala, to whom the lowest-numbered case has already been assigned.

Finally, the City requests that the following consolidated form of caption be used for all pleadings and orders in these cases:

| In re: | Chapter 11 |
|---|---|
| ARDENT CYBER SOLUTIONS, LLC fka AVENTADOR UTILITY SOLUTIONS LLC, | Case No. 2:20-bk-06722-PS |
| Debtor. | |
| PAUL OLIVA PARADIS, | Case No. 2:20-bk-06724-MCW |
| Debtor. | |
| This filing applies to:<br>☒ ALL DEBTORS<br>☐ ARDENT CYBER SOLUTIONS, LLC fka AVENTADOR UTILITY SOLUTIONS LLC<br>☐ PAUL OLIVA PARADIS | **[MOTION FOR ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION AND USE OF CONSOLIDATED CAPTION]** |

**WHEREFORE**, the City respectfully requests that this Court enter an order approving this Motion and granting the relief requested herein, and such other relief as is just and proper under the circumstances.

DATED: July 13, 2020.

**ALLEN BARNES & JONES, PLC**

*/s/ MAJ #27311*
Michael A. Jones
Cody D. Vandewerker
1850 N. Central Ave. Suite 1150
Phoenix, Arizona 85004
Attorneys for the City of Los Angeles

/ / /

/ / /

| | |
|---|---|
| 1 | **E-FILED** on July 13, 2020 with the U.S. Bankruptcy Court and copies served |
| 2 | via ECF notice on all parties that have appeared in the case. |
| 3 | |
| 4 | **COPY** mailed the same date via U.S. Mail to: |
| 5 | Office of the U.S. Trustee<br>230 N. First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 |
| 6 | |
| 7 | **COPY** e-mailed the same date to: |
| 8 | Christopher J. Pattock<br>United States Trustee |
| 9 | 230 N 1st Ave, Suite 204<br>Phoenix, AZ 85003<br>christopher.j.pattock@usdoj.gov |
| 10 | *U.S. Trustee* |
| 11 | Allan NewDelman<br>Allan D NewDelman PC |
| 12 | 80 E. Columbus Ave.<br>Phoenix, AZ 85012 |
| 13 | anewdelman@adnlaw.net<br>*Attorney for Debtor* |
| 14 | |
| 15 | Nicole M. Goodwin, Esq.<br>Greenberg Traurig, LLP |
| 16 | 2375 E. Camelback Road, Ste. 700<br>Phoenix, AZ 85016<br>goodwinn@gtlaw.com |
| 17 | *Attorneys for CyberGym Control Ltd.* |
| 18 | James E. Cross<br>Cross Law Firm, P.L.C. |
| 19 | 1850 N. Central Ave., Ste. 1150<br>Phoenix, AZ 85004 |
| 20 | jcross@crosslawaz.com<br>*Subchapter V Trustee in Paradis' Case* |
| 21 | |
| 22 | Edward Bernatavicius<br>Office of the US Trustee |
| 23 | 230 N. 1st Ave., Ste. 204<br>Phoenix, AZ 85003<br>Edward.k.bernatavicius@usdoj.gov |
| 24 | *Attorneys for US Trustee in Paradis' Case* |
| 25 | /s/ Misty Vasquez |
| 26 | |
| 27 | |
| 28 | |

# Exhibit A

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ARDENT CYBER SOLUTIONS, LLC fka AVENTADOR UTILITY SOLUTIONS LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 2:20-bk-06722-PS<br><br>**ORDER GRANTING MOTION FOR ACCELERATED HEARING REGARDING MOTION FOR JOINT ADMINISTRATION AND USE OF CONSOLIDATED CAPTION**<br><br>Re:  <u>Ardent Cyber Solutions, LLC fka Aventador Utility Solutions, LLC</u><br>      Case No. 2:20-bk-06722-PS<br><br>      <u>Paul Oliva Paradis</u><br>      Case No. 2:20-bk-06724-MCW |

This matter having come before the Court pursuant to City of Los Angeles, including by and through its Department of Water and Power's (collectively, the "**City**") *Motion for Accelerated Hearing Regarding Motion for Joint Administration and Use of Consolidated Caption* ("**Motion for Accelerated Hearing**") [ECF No. _____][1] and good cause appearing,

**IT IS HEREBY ORDERED** granting the Motion for Accelerated Hearing;

**IT IS FURTHER ORDERED** setting an accelerated telephonic hearing on the City's *Motion for Joint Administration and Use of Consolidated Caption* ("**Motion for Joint Administration**") [ECF No. ____] on July ____, 2020 at _____. Pursuant to General Orders 20-3 and 20-4 regarding COVID-19 (reducing exposure to coronavirus), interested

---

[1] All Capitalized terms not defined herein shall have the meaning provided for by the Motion for Accelerated Hearing.

parties are to appear by telephone by calling (877) 402-9757, Access Code 4376956, several minutes before the hearing.

**IT IS FURTHER ORDERED** that any objection to the Motion for Joint Administration must be filed by **July \_\_\_\_, 2020** and served upon the Debtors, City, the U.S. Trustee, and the Sub-Chapter V Trustee overseeing Paradis' bankruptcy case.

**IT IS FURTHER ORDERED** that the City shall immediately serve a copy of this Order and the Motion for Joint Administration upon all creditors and parties-in-interest, and file a certificate of service thereof.

**SIGNED AND DATED ABOVE**